# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

---

STATE OF MINNESOTA v. MARION F. HIGGINS.[1]

January 8, 1895.

No. 8681.

**Name—Material Part.**

The rule that the middle name or initial is not a material part of a person's name does not apply when the first name is not given, but only its initial.

**Same—Second Initial.**

The second initial "F.," in the name "M. F. Higgins," is a material part of the name.

**Same—Forgery.**

Where a contract is made and signed by "M. F. Higgins," *held*, forgery may be committed by changing, with intent to defraud, the second initial, "F.," to the letter "J." in the name in the contract and in the signature to the contract, so that it reads, "M. J. Higgins."

Case certified from the district court for Faribault county, Severance, J. Defendant demurred to an indictment for forgery upon the ground that the indictment did not state facts sufficient to constitute a public offense, and the demurrer was overruled. Affirmed.

[1] Reported in 61 N. W. 816.

*H. W. Childs, J. H. Quinn*, County Attorney, and *Frank E. Putnam*, for the State, cited Stewart v. Colter, 31 Minn. 385, 18 N. W. 98; Ambs v. Chicago, St. P., M. & O. Ry. Co., 44 Minn. 266, 46 N. W. 321; Crouse v. Murphy, 140 Pa. St. 335, 21 Atl. 358; Oakley v. Pegler, 30 Neb. 628, 46 N. W. 920; State v. Riebe, 27 Minn. 315, 7 N. W. 262.

*Lovely & Edwards*, for defendant, cited also State v. Tall, 43 Minn. 273, 45 N. W. 449.

CANTY, J. The indictment charges Marion F. Higgins with the crime of forgery. It states that on September 1, 1892, he entered into, and by the name of M. F. Higgins executed, with a certain church corporation a contract, and sets out the contract in full, by the terms of which he agreed to build a church for a certain price, which the corporation agreed to pay him. It is further stated that on December 3, 1892, with intent to defraud, he did alter, forge, and change the contract by removing therefrom the second initial letter, "F," where it appears in his name in the body of the contract, and also where it appears in his signature to the contract, and substituting therefor in each place the letter "J.," "with the intent then and there to change and alter the identity of the said Marion F. Higgins, the person who signed said contract, and make the same the contract and obligation of another person, to wit: Martha Jane Higgins, who was then and there the wife of him, the said Marion F. Higgins, and whose name was intended by the said Marion F. Higgins to be indicated and made to appear upon said contract, at the time of said change and alteration, in the place and instead of that of said Marion F. Higgins." The defendant demurred to the indictment on the ground that the facts stated therein do not constitute a public offense. The demurrer was overruled, and the court below certifies to this court the question or proposition, which he states was the only one raised and argued, viz. "that to change the middle letter of the name in question did not constitute any crime, as the same was not a material part of the name, and hence could not defraud any one."

The middle name or initial is material where it appears to be material. Thus it is material when it appears that, with the exception of the middle name or initial, two persons have each the

same name, and can only be distinguished by the middle name or initial of each. It seems to us that it appears on its face that the middle letter or initial is material when only the initial of the first name is given. In the present case the first name is not given; only its initial. The name was written "M. F. Higgins" in the body of the contract and in the signature. No one would understand "M. J. Higgins" to mean the same person. In speaking of a man it is often customary, among his friends and acquaintances, to call him by his first and last name, omitting his middle name or initial. Thus "Marion F. Higgins" might well be known as "Marion Higgins." But there is no such well-understood custom when the first name is not given, but merely its initial. Thus "M. F. Higgins" would not be known as "M. Higgins." When the initials alone are given, it is not customary to drop the second initial, but it is almost invariably the custom to give both initials.

This disposes of the question certified to this court. Counsel for defendant raises other questions not thus certified, but we cannot pass upon any question not certified to us by the court below. The sufficiency of this indictment is not before us, except so far as it is affected by the question thus certified and answered.

The order overruling the demurrer is affirmed.

BUCK, J. (dissenting). The defendant was indicted for forgery in the second degree. On September 1, 1892, the defendant entered into a written contract with the Salem Congregation of the Evangelic Association, a church corporation of the village of Wells, in the county of Faribault and state of Minnesota, and by the terms of the contract the defendant was to construct a church house, and complete the same for said church association, on or before November 1, 1892, time being the essence of the contract, and for which the defendant was to be paid the sum of $1,790. The contract was signed on behalf of the church corporation by the president and secretary of its building committee and by the defendant as "M. F. Higgins." The forgery charged in the indictment is that the defendant did "fraudulently and feloniously alter, forge, and change the said contract by then and there removing the letter 'F.' where it first appears in said contract immediately before the word Higgins, and substituting therefor the letter 'J.,'

* * * with the intent then and there to change and alter the identity of the said Marion F. Higgins, the person who signed said contract, and make the same the contract and obligation of another person, to wit, Martha Jane Higgins, who was then and there the wife of him, the said Marion F. Higgins, and whose name was intended by the said Marion F. Higgins to be indicated and made to appear upon said contract at the time of said change and alteration in the place and instead of that of Marion F. Higgins." In the indictment preceding the foregoing quotation the defendant is referred to as Marion F. Higgins, although there is no allegation that Marion F. Higgins is his true name.

Upon being arraigned in open court at a general term thereof held in and for the county of Faribault, in the month of January, 1894, the defendant interposed a demurrer to the indictment upon the grounds that it did not state facts sufficient to constitute a public offense. The court overruled the demurrer, and, deeming the question raised by the demurrer to be so important and doubtful as to require the decision of the supreme court upon it, did, at the request of the defendant, certify and make report to the supreme court of the question raised by the demurrer, for the purpose of obtaining such decision of this court upon the question raised by the demurrer. In the certificate of the court below it is stated that the principal and only objection made to the indictment on the hearing of the demurrer was "that to change the middle letter of the name in question did not constitute any crime, as the same was not a material part of the name, and hence could not defraud any one." It is claimed on the part of the state that the alteration and substitution of the initials set forth in the indictment materially altered the legal effect of the contract, and made the contract the obligation of another and different person from the one who originally signed it. Whether this is true or not depends upon the sufficiency of the allegations as to whose name was intended to be substituted in the place of "M. F. Higgins." If the initial letter "M.," preceding the name "F. Higgins," signed to the contract, represented and stood for "Marion F. Higgins," or rather, if the letter "M." stood for "Marion," it stood for the same after the change of the middle letter, "F.," to "J.," for there was no change of the meaning of the letter "M.," because no other

letters were added to it. Substituting "J." in place of "F." could not possibly have changed "M." to "Marion," and it would be a still greater feat of substitution to make "M." stand for "Martha Jane," whether it was intended for "Marion" or not. It is claimed that it stood for "Marion" as originally written, and then, by changing "F." to "J.," it stood for "Martha Jane." But it is not anywhere alleged that the letter "M.," standing alone, was an abbreviation of the name "Martha Jane"; nor is it anywhere alleged that the wife of M. F. Higgins was ever known by the name of "M. J. Higgins," or that she went by that name, or that she ever signed or used the name of "M. F. Higgins" as her signature. Such was not her name in fact, and it so appears from the indictment itself. This allegation in the indictment negatives the allegation that the defendant, by changing "F." to "J.," intended to substitute "J." in the place of "F." so as to represent his wife's name, "Martha Jane Higgins," because it did not represent her name even after the change. If "M. F. Higgins" represented "Marion F. Higgins" before the change, it represented "Marion J. Higgins" after the change, and it seems to me illogical to hold otherwise, and especially to hold that it meant "Martha Jane Higgins." Under the allegations in the indictment it cannot possibly mean or represent anybody but the wife, "Martha J. Higgins," and, as I contend, it did not even represent her by any well-known rules of interpretation. It is a weakness in the indictment which is fatal to its validity. No one could be deceived or misled or defrauded into believing that it was the wife's signature, because it was not her true name, nor any name by which she was known or went or signed her name, and it is not claimed that such was the fact. The vice in the indictment is that it states too much in some matters, and not enough in other respects. When a person is indicted for having committed a public offense, there should be a reasonable certainty as to the offense charged, and the material allegations in the indictment should not be contradictory or uncertain. Referring again to the letter "M.," I am unable to find, either in the dictionaries or law books, where the letter "M." is designated as an abbreviation of the name "Marion" or "Martha Jane." There are names for which I can find that the letter "M." stands as an abbreviation, but neither of the above. The grand jury, by its accusa-

tion, imports into the act of the defendant the charge of changing the letter "M." to the name "Martha Jane," and I think such accusation an unwarranted and unreasonable construction. I concur in the opinion of the court that forgery may be committed in some instances by changing the initial letter of the middle name of a person, but the indictment should show upon its face by proper averment how such alteration becomes material.

I think that the demurrer to the indictment should have been sustained.