[Civ. No. 3675. Third Appellate District.—March 11, 1929.]

J. B. LANGLEY et al., Respondents, v. ZURICH GENERAL ACCIDENT & LIABILITY INSURANCE COMPANY (a Corporation), Appellant.

J. Hampton Hoge, L. H. Honey and Enid Childs for Appellant.

Edward Bickmore for Respondents.

JAMISON, J., *pro tem.*—This case was tried by the court without a jury. At the close of plaintiffs' evidence defendant moved for a nonsuit and when said motion was denied, declined to offer any evidence. Judgment was thereupon entered in favor of the plaintiffs and the defendant has appealed.

The facts which are not disputed are, in substance, that on May 17, 1924, one W. T. Holland was the owner of a Willys-Knight roadster automobile and on that date appellant insured said W. T. Holland for a period of one year from that date in an amount not exceeding $5,000 against damages arising from death or bodily injuries accidentally suffered as a result of the ownership and use of said automobile. The policy evidencing the said insurance stated

that the assured, W. T. Holland, resided at 455 Eighteenth Street, Merced, California, and that his business was that of a painting contractor.

On May 19, 1924, respondent, Lottie M. Langley, was a guest of a man whom she designated as a Mr. Holland, who was a painting contractor, whose place of business was 455 Eighteenth Street, Merced, California. As such guest she was riding, with another guest, a Mrs. Rowe, in a Willys-Knight roadster automobile, which was being driven and operated by the said Mr. Holland; that by reason of the negligent manner in which the said Mr. Holland drove and operated the said automobile, it collided with another vehicle and overturned, whereby the said Lottie M. Langley was severely injured. Thereafter she and her husband, J. B. Langley, began an action against Mr. Holland, who was driving the said automobile at the time she was injured as aforesaid, for damages resulting to her from said injuries.

This action was prosecuted against the said Mr. Holland under the name of W. H. Holland. Not being able to secure personal service upon the said Mr. Holland, whom the Langleys had sued as W. H. Holland, as aforesaid, upon the affidavit of J. B. Langley showing such inability, the court ordered service upon the said W. H. Holland by publication of the summons. Service on said W. H. Holland by publication having been completed, default was duly entered against him and a judgment was thereupon rendered against the said W. H. Holland.

Respondents commenced the present action against appellant on November 17, 1925, to recover the amount of said judgment, to wit, the sum of $2,500 and costs, setting forth in their complaint the fact of appellant's insurance of W. T. Holland as aforesaid and the rendition of said judgment against W. H. Holland, stating therein that the W. H. Holland named in said judgment was and is the same person named as W. T. Holland in the insurance policy issued by appellant to W. T. Holland as the owner of the Willys-Knight roadster automobile; that by said judgment the loss suffered by the said W. T. Holland growing out of the injuries sustained by respondent, Lottie M. Langley, by reason of said accident has been ascertained and made certain, and that therefore appellant has become indebted to respondents in the amount for which said judgment was rendered, to wit, the sum of $2,550.80. Respondents also allege

in their complaint that no part of said judgment has been paid and that the said W. T. Holland is insolvent.

It is admitted that the provisions of the policy and the provisions of the act of the legislature (Stats. 1919, chap. 367, p. 776) require that a judgment be had against the assured, making the loss certain, before an action can be maintained against the indemnity company.

Appellant contends that the judgment in the case under consideration should be reversed for the reason that no judgment had, prior to the institution of this action, been rendered by any court against W. T. Holland ascertaining and determining his loss growing out of the aforesaid accident; that the said judgment against W. H. Holland is not a valid judgment against W. T. Holland for the reason that the service of the summons was by publication, no appearance by the defendant was ever had or entered, and there is nothing in the summons so published indicating that the action was against W. T. Holland, or anyone other than W. H. Holland.

By the common law, since the Norman Conquest, a legal name has consisted of one Christian name and of one surname. (29 Cyc. 264.) And, under the well-settled rule that the law recognizes only one Christian name, it has been repeatedly held that the insertion, omission of, or mistake in the middle name, or initial in a criminal or civil proceeding is therefore immaterial. (29 Cyc. 265.) But, as was said by the supreme court of Minnesota, in the case of *D'Autremont* v. *Anderson Iron Co.*, 104 Minn. 165 [47 L. R. A. (N. S.) 236, 116 N. W. 357], this rule, like most rules of judicial procedure, is not without exceptions. Calling attention to the case of *State* v. *Higgins*, 60 Minn. 1 [51 Am. St. Rep. 490, 27 L. R. A. 74, 61 N. W. 816], where the court said:

"It seems to us that it appears on its face that the middle letter or initial is material when only the initial of the first name is given. The name was written M. F. Higgins in the body of the contract and in the signature. No one would understand 'M. J. Higgins' to mean the same person."

And in the case of *First Nat. Bank* v. *Hacoda Mercantile Co.*, 169 Ala. 476 [Ann. Cas. 1912B, 599, 32 L. R. A. (N. S.) 243, 50 South. 802], the court said: "We doubt if the common law doctrine of one Christian name and one surname ever really applied (though it has been held to have done

so) where the Christian name was signed by initials only. The better rule undoubtedly is that where the Christian name is signed by the initials only, the initials taken together in their regular order should be considered as the Christian name for the purposes of the signature." In the case of *Carney* v. *Bigham,* 51 Wash. 452 [19 L. R. A. (N. S.) 905, 99 Pac. 21], the court said: "At common law it is true a legal name consisted of one given name and one surname or family name, and a mistake in a middle initial or a middle name was not regarded as of consequence. But since the use of initials, instead of a given name, before a surname, has become a common practice, the necessity that these initials be all given and correctly given has become of importance in every case and in many absolutely essential to a correct designation of the person intended."

In the case of *Riley* v. *Litchfield,* 168 Iowa, 187 [Ann. Cas. 1917B, 172, 150 N. W. 81], the supreme court of that state, in passing upon this question, said: "Where the given name is written then the middle name or letter may be disregarded in identifying the individual and where only letter or letters precede the surname such letter or letters, in the absence of any showing to the contrary, are to be treated as the given or proper name." In the case of *Gibson* v. *Foster,* 24 Colo. App. 434 [135 Pac. 121], the name appearing in the summons, which was served by publication, was A. L. Deleplane, the true name being A. S. Deleplane, the court, in passing thereon, said: "The variance in the name of this defendant is too great to permit jurisdiction of the person, in the absence of any appearance. . . . Courts are cautious in permitting jurisdiction of the person where service is made by publication."

No case has been called to our attention where this question has been considered and determined by the courts of this state. Respondents, in their brief, cite a number of criminal cases, but none of them touches upon the question under consideration here. The only case that touches this question that this court has been able to find among the decisions of the courts of this state is the case of *Allison* v. *Thomas,* 72 Cal. 562 [1 Am. St. Rep. 89, 14 Pac. 309]. That action was brought to quiet title to and interest in certain mining claims which were originally owned by John C. McDonald. The defendants claimed title to the property

by virtue of a judgment by default obtained by them in a justice's court against John McDonell. A copy of the complaint and summons was regularly served upon McDonald by the sheriff, but in his return he omitted to show that a copy of the complaint was served. The court there said that the omission of the initial letter of the middle name was of no consequence and did not affect the validity of those proceedings, but appeared to base this ruling on the fact that while the justice's record must show jurisdiction, there was in fact jurisdiction by personal service, though the return of the officer did not show it.

■ There can be no question that an omission of, or the use of the wrong initial, does not affect the jurisdiction of the court, where the right party is actually served with process and brought into court.

■ The judgment in the case of *J. B. Langley and Lottie M. Langley v. W. H. Holland* is not void on its face. It is a valid judgment against W. H. Holland, but, of course, would not be a judgment against W. T. Holland unless it was satisfactorily established that the W. H. Holland named in said judgment and the W. T. Holland named in the instant case are one and the same person and that the said W. T. Holland had the notice of said action required by law.

In the case of *Langley v. Holland,* one of the plaintiffs, J. B. Langley, made the affidavit upon which the order for publication of summons in that action was based. In that affidavit he alleged that Holland was concealing himself in order to avoid service of process, that his last known place of residence was Los Angeles, California, General Delivery. Upon the filing of said affidavit the court made an order for publication of summons and directed that a copy of the said summons and complaint be forthwith deposited in the United States postoffice at Stanislaus County, postage prepaid, addressed to said Holland at Los Angeles, California, General Delivery, and that in obedience to said order said Langley did place a copy of the complaint and summons in a sealed envelope, postage prepaid, addressed to said W. H. Holland, painter, at Los Angeles, California, and deposited the same in the United States postoffice at Modesto, Stanislaus County, California, and that the same was never returned to him, as uncalled for mail. A short time after the findings and judgment in the case of *Langley v. Holland*

were filed and the judgment docketed, James Ross, sheriff of San Bernardino County, served a copy of said findings and judgment upon the W. H. Holland named therein and in his certificate of service stated that he made legal service of said findings and judgment on W. H. Holland, whose true name is W. T. Holland, he being the defendant named in said findings and judgment, by personally delivering to him a copy of said findings and judgment.

On May 19, 1925, at least a month before the date of the trial of *Langleys* v. *Holland*, Edward Bickmore, the attorney representing the Langleys in that case, wrote to appellant notifying it of the pendency of said action, inclosing a copy of the complaint and summons and suggesting that appellant appear and defend the action, calling the attention of appellant to the date of the policy and that it covered public service liability for a Willys-Knight roadster automobile; that appellant received this letter is evidenced by the fact that its attorney, J. Hampton Hoge, replied to Bickmore's letter on May 25, 1925, stating therein that appellant declined to appear in the action.

It may be that, on a retrial of this case, respondent will be able to produce evidence that in fact W. T. Holland received the complaint and summons which was mailed to W. H. Holland, painter, at Los Angeles, California, General Delivery, as aforesaid. The production of this evidence would be in line with the cases of *Peabody* v. *Phillips*, 9 Cal. 213, *Chaplin* v. *Superior Court*, 81 Cal. App. 367 [253 Pac. 954], and *De La Montanya* v. *De La Montanya*, 112 Cal. 101 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345]. In the case of *Peabody* v. *Phillips*, *supra*, Field, J., used the following language: "Mere cognizance of the existence of an action is not notice in a legal sense. To be available the notice must apprise the party whose rights are to be affected of what is required of him and the consequences that may follow if he neglect to defend the action."

■ We are of the opinion that substantial evidence is wanting of the fact that W. T. Holland had actual or constructive notice of the pendency of the action brought against him by J. B. Langley and Lottie M. Langley.

Appellant claims that there is no evidence identifying the car driven by the man designated as Mr. Holland as being the car which appellant insured for W. T. Holland. No doubt this alleged error can be cured upon a retrial of the

case, though, as a matter of fact, the inferences that a court or jury could legally draw from the testimony produced by respondents are that the Willys-Knight roadster in the possession of Mr. Holland at the time of the accident was owned by him. ■ It is a presumption of law ''that things which a person possesses belong to him'' (subd. 11, sec. 1963, Code Civ. Proc.), and that the Mr. Holland who was in possession of the said Willys-Knight roadster automobile, being a painting contractor with his place of business at 455 Eighteenth Street, Merced, California, was the W. T. Holland, painting contractor, whose office was at said address and whose Willys-Knight roadster was insured by appellant.

■ Appellant also contends that the judgment of the *Langleys* v. *Holland* had not become final when the present action was brought for the reason that the full year within which the defendant could apply to set the same aside the judgment, under the provisions of section 473 of the Code of Civil Procedure, had not expired before the commencement of the present action.

We do not see any merit in this contention. The act of the legislature (Stats. 1919, chap. 367, p. 776) provides that in case judgment is secured against the insured in an action brought by the injured party, then an action may be brought against the insurance company. The judgment in the case of *Langleys* v. *Holland* was rendered July 23, 1925. No motion to set aside said judgment was made nor appeal taken therefrom. After the time for appeal had expired, the present action was commenced and judgment in this action was rendered on March 21, 1927. As a basis for bringing the action against the appellant, the judgment in the case of *Langleys* v. *Holland* was a final judgment when respondents commenced the present action.

■ Appellant claims that respondents failed to prove the insolvency of W. T. Holland. There was no error in this. Proof of insolvency is unnecessary. (*Marple* v. *Auto Ins. Co.*, 82 Cal. App. 137 [255 Pac. 260] ; *Pigg* v. *International Indemnity Co.*, 86 Cal. App. 671 [261 Pac. 486].)

Appellant calls attention to some other alleged errors, but under the conclusions we have reached we do not consider it necessary to consider them. The judgment is reversed.

Plummer, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 10, 1929, and a petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 9, 1929.

All the Justices present concurred except Preston, J., who dissented.