[Crim. No. 4000.   Second Dist., Div. Three.   Mar. 7, 1946.]

In re LOUIS K. MULFORD, on Habeas Corpus.

Paul G. Breckenridge and George W. Manierre for Petitioner.

Fred Howser, District Attorney, and Jere Sullivan and Robert G. Wheeler, Deputies District Attorney, for Respondents.

THE COURT.—Upon petition of Louis K. Mulford a writ of habeas corpus was issued, directed to the sheriff of Los Angeles County, and pending the hearing the petitioner was ordered released on bail. Hearing thereon was had this day on the petition and the return thereto and upon certain evidence introduced at the hearing, from all of which it was made to appear to the court that the petitioner is held in custody by said sheriff under and by virtue of an order of commitment to the county jail, made by a judge of the Superior Court of Los Angeles County under the following circumstances:

Elizabeth H. Mulford, wife of petitioner, instituted in said county an action for separate maintenance; upon her application, through her attorney, William Ellis Lady, there was issued on February 26, 1946, an order directing petitioner to appear in said court on March 8, 1946, to show cause why he should not be ordered to pay sums for the temporary support of the plaintiff, and for costs and attorney's fees; it was stated in the affidavit for the order to show cause that plaintiff was employed by the United States Government at Denver, Colorado, at a salary of $150 per month, but that her health was such that she would not be able to retain her position and it was stated that petitioner herein has an income of $4,000 per month, or thereabouts. Upon application of the plaintiff the court also issued its order, directed to the sheriff, that petitioner be forthwith arrested and brought before said court. Petitioner was arrested on February 28 and brought into court. A summary hearing was had for the purpose, as stated by the court, of determining whether petitioner should post a bond for his further appearance and as security that he would obey any order that the court might make in the action for the support of his wife. At that time petitioner requested the services of an attorney and objected to proceeding without one, but his objection went unheeded.

From the evidence taken it appeared that the wife is 51 years of age, the husband 72; that the parties were married in 1934 and have been separated for the past six years; that defendant is not engaged in business; that he has investments in stocks and bonds and a stamp collection, all of unstated value. There was no evidence that petitioner intends or is about to leave the State of California, or that he does not intend to comply with any order which the court may make in the action.

During the course of the hearing petitioner was interro-

gated by the judge and answered as follows: "Q. What property or assets do you have in the State of California at the present time? A. Your Honor, I would like to defer this thing and have an attorney before I answer your questions. Unless I am compelled to it, I am not prepared to answer it now. Q. I am not compelling you to answer any question. The only issue I am trying to determine now is whether or [not] you should post a bond for your further appearance—— A. I will be here. Q. —— and your liability. A. Yes, I can, but I hope it will not be necessary. Q. You are able to post a bond, are you? A. Yes, if it is not too big a bond I am, but why make me that trouble? I will be here in Court."

At the conclusion of the hearing the court made an order, as follows: "That the defendant, Louis K. Mulford, shall forthwith post a bond in the sum of $10,000 cash, or $10,000 approved surety bond, or $20,000 approved personal surety bond, conditioned as provided by sec. 140 of the Civil Code, to the effect that he will pay or comply with any lawful order made by this Court in regard to support for the plaintiff, his wife, or in regard to attorney's fees and costs that he may lawfully be ordered to pay in the above entitled action, and it appearing to the court that the defendant has failed to furnish said bond, it further appearing that the said defendant has the ability to furnish said bond as ordered; Now THEREFORE, said defendant Louis K. Mulford, is remanded to the custody of the Sheriff of the County of Los Angeles, to be confined in the county jail until said bond as heretofore required is posted and until released by this Court after posting of said bond."

On March 5th the court made an amended order which recited that it appeared from petitioner's testimony that he has no assets in the State of California except an automobile of small value; that he "refused to answer many relevant and material questions" upon the hearing; that the court observed petitioner while on the witness stand and his conduct and attitude at the time, and it was stated that the court found that petitioner has the ability to comply with any reasonable order that the court may make for support, attorney's fees and costs. The order followed the general terms of the first order but added a provision that the undertaking specify that the petitioner would "immediately" perform and comply with any order that might be made; that the undertaking be

approved by a judge of the superior court and that, in case of failure of petitioner to pay, resort be had to the said undertaking. No hearing has been had upon the order to show cause and no order has been made that defendant pay any sum of money to plaintiff.

The amended order, like the first one, recited that the court was acting under section 140 of the Civil Code. This section reads as follows: "The court may require the husband or wife, as the case may be, to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case."

The court derives no authority from this section to order a defendant in a separate maintenance action to give security by undertaking, or otherwise, for the payment of sums for support, attorney's fees and costs, in advance of any order or judgment fixing the sums to be paid. The order for the giving of security was invalid.

The order for petitioner's arrest was likewise invalid and in excess of the jurisdiction of the court. There is no inherent power in the court to place citizens in jail. The Legislature makes the law on that subject within constitutional limitations. Jurisdiction of the courts in the matter of arrest is limited by the Constitution and statutory enactments. Chapter 2, part 2, title 7, Code of Civil Procedure, deals with the matter of arrest in civil actions. Section 478 declares that "No person can be arrested in a civil action, except as prescribed in this code." Section 479 enumerates the cases in which civil arrest may be had, and section 482 forbids the making of an order of arrest until the plaintiff has given security for the payment of defendant's costs and damages by reason of the arrest if the same be wrongful or without sufficient cause. It is sufficient to say that the state of facts disclosed by the record does not fall within any of the cases specified in section 479. The order of arrest was made without exacting a bond of plaintiff as required by section 482.

The order of arrest purports to have a basis in the refusal of petitioner to furnish the undertaking; it is recited in the order that he has failed to furnish the bond although he has ability to do so. It appears from the transcript of the hearing that petitioner did not refuse to give bond, but that he only uttered a mild protest to the effect that a bond was unneces-

sary. He was nevertheless hustled off to jail forthwith. Even if the court had made an order for the giving of security under circumstances which would have given validity to the order, a peremptory order of confinement until the order had been complied with would have been invalid. There can be no such thing as a failure or refusal to obey an order of court on the part of one who has been given no opportunity to obey it. The order in question is not sustainable under the power to enforce compliance by contempt proceedings.

Furthermore, the summary proceeding which was instituted for the purpose of procuring petitioner's incarceration until he had given bond was one in which he was about to be deprived of his liberty and in which he was entitled to be represented by counsel.

It is unnecessary to discuss the interdiction of section 15, article I of the Constitution against imprisonment for debt, or to inquire whether the order is invalid for reasons in addition to those already stated.

Petitioner is ordered discharged and his bail is exonerated.