[Civ. No. 6116.   Fourth Dist.   Dec. 8, 1958.]

LINUS F. POUSSON, Petitioner. v. SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent.

Sullivan & Sullivan for Petitioner.

James Don Keller, District Attorney, and J. F. Haigler, Deputy District Attorney, for Respondent.

SHEPARD, J.—This is a petition for a writ of prohibition to prohibit the Superior Court of San Diego County from proceeding against the defendant in the action of *Sylvia E. Pousson* v. *Linus F. Pousson*, Superior Court of San Diego County, Number 228630, commenced under the Uniform Reciprocal Enforcement of Support Act, Code of Civil Procedure, part 3, title 10a.

Petitioner and respondent have stipulated that the matter stand submitted on the facts set forth in the petition. It appears therefrom that on October 9, 1958, a complaint against the petitioner herein under the Uniform Reciprocal Enforcement of Support Act was filed with the clerk of the respondent court on behalf of said Sylvia E. Pousson in said action Number 228630, with the State of California as responding state. Thereafter, said clerk issued an instrument entitled "Citation" which contains the title of the court and cause as above set forth; is directed from the People of the State of California to the defendant (petitioner herein) Linus F. Pousson, directing that said defendant appear before said superior court at a specific time therein set forth, "then and there to show cause why an order should not be made and entered on the basis of the complaint on file herein, referred to and made a part hereof; directing that the defendant pay such sum as the Court may determine for the support of wife and two children"; and further directing production of certain income records and documents. Said citation, with a copy of the complaint, was personally served on petitioner in the county of San Diego, State of California. No summons or other process was issued or served on said defendant. Said defendant did not appear at the time and place named in the citation, but did appear specially through counsel, objecting to the court's jurisdiction in that no summons was issued as provided by law.

Said superior court overruled the objection and ordered

the issuance of a bench warrant for the arrest of said defendant and to forcibly bring him before said court. Defendant by this proceeding seeks to annul the order of arrest and stop further proceedings until said superior court has caused a summons in the form provided by law to be issued.

Section 1680, Code of Civil Procedure, provides for the commencement of the action by a responding state in the following language:

"CERTIFICATION FROM INITIATING STATE: DUTIES OF COURT

"When the court of this State, acting as a responding state, receives from the court of an initiating state the aforesaid copies, it shall (1) docket the cause, (2) notify the prosecuting official, (3) set a time and place for a hearing, and (4) take such action as is necessary in accordance with the laws of this State to obtain jurisdiction. (Added Stats. 1953, ch. 1290, p. 2846, § 2.)"

Civil actions are commenced in California by the filing of a complaint. (Code Civ. Proc., § 405.) Thereupon, after proper endorsement on the complaint of its filing date, plaintiff may have a summons issued within one year. (Code Civ. Proc., § 406.)

The contents of the summons is provided by section 407, stating that it must be directed to the defendant, signed by the clerk or judge and issued under the seal of the court, and must contain : title of the court and county, names of parties, a direction that defendant appear and answer the complaint within 10 days if served within the county or 30 days if served elsewhere, or 180 days in certain actions against the state; it must also contain a notice that unless the defendant appears and answers the plaintiff will take judgment, etc.

Provision is made by other sections for service of summons and the method thereof.

Section 416, Code of Civil Procedure, provides *"From the time of the service of summons and a copy of the complaint in a civil action . . . the court is deemed to have acquired jurisdiction* of the parties, and to have control of all the subsequent proceedings."* (Italics ours.)

■ Thus, in the ordinary civil action, unless there be other statutory authority, the issuance and service of summons is a prerequisite to acquisition of jurisdiction.

■ "Mere cognizance of the existence of the action is not notice in the legal sense. To be available, the notice must apprise the party whose rights are to be affected, of what is required of him, and the consequences that may follow if he

neglect to defend the action." (*Peabody* v. *Phelps*, 9 Cal. 213, 226; *Chaplin* v. *Superior Court*, 81 Cal.App. 367, 377 [253 P. 954]; *Langley* v. *Zurich Gen. Acc. & L. Ins. Co.*, 97 Cal. App. 434, 440 [275 P. 963]; *Bank of America* v. *Carr*, 138 Cal.App.2d 727, 734 [292 P.2d 587].)

Section 187, Code of Civil Procedure, provides as follows:

"JURISDICTION : MEANS TO CARRY INTO EFFECT : MODE OF PROCEEDING

"When jurisdiction is, by the Constitution or this code, or by any other statute, conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this code. (Enacted 1872; Am. Code Amdts. 1880, ch. 35, p. 43, § 1.)"

Section 478, Code of Civil Procedure, provides as follows:

"CIVIL ARREST : RESTRICTIONS

"No PERSON TO BE ARRESTED EXCEPT AS PRESCRIBED BY THIS CODE.

"No person can be arrested in a civil action, except as prescribed in this Code. (Enacted 1872.)"

Section 479, Code of Civil Procedure, provides the grounds upon which an arrest may be made, covering certain conditions and situations involving frauds on creditors, fines, penalties, misconduct in office, concealment of personal property, etc., none of which are charged in the case at bar.

Section 1211, Code of Civil Procedure, provides for the presenting to the court or judge of an affidavit relating facts constituting contempt when not committed in the immediate view and presence of the court.

Section 1212, Code of Civil Procedure, provides for the issuance of a warrant of attachment (of the person); section 1209, Code of Civil Procedure, provides those acts and omissions which are considered contempts; and paragraph 5 reads as follows: "5. Disobedience of any lawful judgment, order or process of the court; . . ."

■ The record does not show any affidavit alleging facts showing contempt. Therefore, no foundation was laid for an arrest under the contempt sections, even if we assume adequate process to confer jurisdiction.

However, the primary question here presented is whether or not the trial court acquired jurisdiction of the person of the defendant in this cause by the issuance of the citation above referred to, and without the issuance of any summons.

█ Using the name ''Citation'' instead of ''Summons'' would not of itself vitiate the process, but it will be noted that the citation omits entirely the ingredients or Paragraphs 3 and 4 of said section 407 relating to appearance within 10 days and the advice that unless the defendant so appears and answers the plaintiff will take judgment, etc. █ Generally speaking, the courts of this state have held that process must follow in substance the provisions of the statute (*Chaplin* v. *Superior Court, supra*; *White* v. *Patton*, 87 Cal. 151 [25 P. 270]; *Horney* v. *Superior Court*, 83 Cal.App.2d 262 [188 P.2d 552]; *Pennell* v. *Superior Court*, 87 Cal.App. 375 [262 P. 48].)

█ Courts of law have no inherent power to arrest citizens or place them in jail. The Legislature makes the law on that subject within constitutional limits. The jurisdiction of courts in matters of arrest is controlled by the Constitution in the first instance, and the next by statutory authorization. (*In re Mulford*, 73 Cal.App.2d 453 [166 P.2d 890].)

█ It appears that that portion of said section 1680, Code of Civil Procedure, which directs the responding state upon initiation of the proceeding, to ''(4) take such action as is necessary in accordance with the laws of this State to obtain jurisdiction'' is a legislative direction to the person initiating the action to follow the general procedure provided for the acquisition of jurisdiction in ordinary civil actions, as is set forth in part 2, title 5 of our Code of Civil Procedure.

The citation used in the case at bar lacks the necessary ingredients to comply with the requirement of summons, and therefore the service of it does not confer upon the court jurisdiction of the person.

It is ordered that a writ of prohibition issue directed to said superior court commanding it to desist from further proceedings until jurisdiction is acquired in the manner provided by law, and that the order for the arrest of petitioner be annulled.

Griffin, P. J., and Coughlin, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.