[Civ. No. 39117. Second Dist., Div. One. July 18, 1972.]

ALBERT H. ALLEN et al., Plaintiffs and Appellants, v.
HOUSTON I. FLOURNOY, as State Controller,
Defendant and Respondent.

## COUNSEL

Allen, Fasman & Janger and Eugene J. Weiss for Plaintiffs and Appellants.

Myron Siedorf, Walter H. Miller and Edwin Rosenthal for Defendant and Respondent.

## OPINION

**CLARK, J.**—At the time of her death, Sadie Phelps was a joint tenant with Albert and Marian Allen (husband and wife) of bank accounts in the amount of $14,135.38. She also owned property valued at her death at $1,074.25 which she bequeathed to Mrs. Allen by will. Mrs. Allen, however, did not receive this bequest because claims against the estate consumed all but $300 of the probate estate and the $300 was applied by the executor (Mr. Allen)[1] to the inheritance tax which is in question in this proceeding.

Following customary procedures in the probate of a decedent's estate, an inheritance tax appraiser was appointed who filed a report. ■ Upon the death of a joint tenant to a bank account, there is a transfer subject to inheritance tax if the surviving joint tenant did not acquire his interest for "an adequate and full consideration in money or money's worth." (Rev. & Tax. Code, § 13671.) The inheritance tax appraiser, being then unaware of the claim now made by the Allens that they gave consideration for their joint tenancy interests, determined the funds in the bank accounts were subject to inheritance tax in the amount of $1,403.54.

Upon the filing of the inheritance tax report, the clerk of the superior court gave the notice prescribed by statute, i.e., "by causing a notice to be posted at the courthouse in the county where the court holds its sessions" and by mailing "a copy of the notice to each person chargeable with any tax in the report who has appeared in the probate proceeding." (Rev. & Tax. Code, § 14508.) Only Mr. Allen received a copy of the notice by mail. No objection having been filed within the time allowed by law, the court by order of 13 May 1969 confirmed the report and fixed the tax at $701.77 for Mr. Allen and $701.77 for Mrs. Allen. (Rev. & Tax. Code, § 14509.) ■ Such an order "has the force and effect of a judgment in a civil action." (Rev. & Tax. Code, § 14672.)

On 13 October 1970, when the order of 13 May 1969 was (if valid) no longer subject to attack in the probate proceeding, the Allens filed a complaint in the superior court, seeking a declaration that the order was invalid and requesting an opportunity to contest their liability for inheritance taxes. This appeal is taken from a judgment of dismissal after the Allens failed to amend their complaint when a second general demurrer thereto was sustained.

---

[1]Mrs. Allen was initially appointed coexecutor but was dismissed from that capacity earlier in the proceeding by her request.

■ The amount of and liability for a tax is determined preliminarily by some agency of the government, but before the liability becomes final and irrevocable, the taxpayer must be given some opportunity to question his liability before a competent tribunal, judicial or quasi-judicial. (*Nickey* v. *Mississippi* (1934) 292 U.S. 393 [78 L.Ed. 1323, 54 S.Ct. 743]; *People* v. *Skinner* (1941) 18 Cal.2d 349 [115 P.2d 488, 149 A.L.R. 299].)

Defendant controller asserted below and asserts here that when the order became final, the Allens were precluded from questioning their liability for the taxes levied upon them. This is true, however, only, if, first, the probate court had the power to fix the tax and, secondly, if the Allens were afforded an opportunity before the order was made to urge their claim that they gave consideration for the joint tenancy interest.

■ As to Mr. Allen in his individual capacity, we conclude the court had no power to fix the tax. The appraiser is empowered by "the superior court having jurisdiction in probate of the *estate* of any decedent" to determine and report on the value of, and the tax on, property subject to inheritance tax where the transfer is "from the decedent to any person sharing in the *estate*, whether the property transferred is in the *estate* or not." (Rev. & Tax. Code, § 14501; italics added. See also Rev. & Tax. Code, § 14506 for similar language.) ■ Although "estate" is defined as the equivalent of "property" (Rev. & Tax. Code, § 13303), it is obvious that the word "estate" is not interchangeable with the word "property" in the language quoted from the statute and it is equally obvious that the word "estate" in the statute refers only to the property which is in the probate estate. ■ Thus, if Mr. Allen had shared in the probate estate, which he did not, the tax on the non-probate transfer to him could have been determined in the probate proceeding. This is the way the Supreme Court read a predecessor statute when it said: "This provision of the statute refers to a situation such as that presented by the record in this case where the children all took property by virtue of the probate proceedings as well as by the [non-probate] transfer [in contemplation of death]." (*Estate of Pauson* (1921) 186 Cal. 358 [199 P. 331].)

■ An "estate tax" is levied on the right to transmit property, while an "inheritance tax" is levied on the right to receive property. (*Estate of Hyde* (1949) 92 Cal.App.2d 6 [206 P.2d 420].) The "transferee of the property in respect to the transfer of which the tax is imposed" is liable for payment of the tax. (Rev. & Tax. Code, § 14101.) To prevent situations from arising where transferees liable for inheritance taxes escape

payment, there are elaborate statutory provisions freezing transferred assets of the transferees in the hands of third persons until inheritance taxes are determined and paid. The joint tenancy bank accounts in this case, for example, were frozen at the death of the decedent (Rev. & Tax. Code, § 14345) and a lien was created on the money in the accounts (Rev. & Tax. Code, § 14301).

■ Either the Controller (Rev. & Tax. Code, § 14531) or Mr. Allen (Rev. & Tax. Code, § 14551) could have petitioned the superior court to ascertain the latter's liability for the tax. This is the appropriate method for resolving the tax liability when the decedent, as here, "leaves an estate in which the property transferred is not included and the transferee does not share [in the estate]." (Rev. & Tax. Code, § 14652.) In the absence of such a petition, the court in the probate proceeding had jurisdiction to determine the inheritance tax only for a transfer "to any person sharing in the estate." (Rev. & Tax. Code, § 14651.) Mr. Allen could also have brought an action against the state (not the Controller) to "secure a determination that [the money in the bank accounts] is not subject to any lien for nor chargeable with any [inheritance] tax . . . ." (Rev. & Tax. Code, § 14571.) Such an action is properly brought "in the superior court which has . . . jurisdiction of the administration of the estate of the decedent who transferred the property." (Rev. & Tax. Code, § 14654.) This provision serves to further emphasize that not all inheritance tax liabilities are determinable in the probate proceedings.

■ Mr. Allen's complaint contains the essence of allegations for an action under both section 14571 and section 14654 of the Revenue and Taxation Code, but in form it is neither a petition to the court nor an action against the state. Because neither the defendant nor the court below pointed out these deficiencies and because matters should, if possible, be determined on their merits, we reverse the judgment as to Mr. Allen to permit him to amend his complaint within 30 days of the filing of the remittitur in accordance with one or both of the statutory provisions referred to above.

As to Mrs. Allen, the court in the probate proceedings was empowered to fix the tax because she shared in the probate estate. Assuming, as we must, the truth of Mrs. Allen's allegation that she personally received no notice of the filing of the inheritance tax appraiser's report, the question is whether either service of notice on the executor or posting it in the courthouse was sufficient notice for the court to acquire jurisdiction over her.

■ We think posted notice is clearly insufficient under *Mullane* v.

*Central Hanover Tr. Co.* (1950) 339 U.S. 306 [94 L.Ed. 865, 70 S.Ct. 652], at least when the whereabouts of the person sought to be made a party are as readily ascertainable as they were here. Whether such posted notice might be constitutionally adequate in some other situation we need not here decide.

Mrs. Allen's husband was both the executor of the will and the attorney for himself as executor. He received a mailed notice of the filing of the inheritance tax appraiser's report. We will assume, although we do not because we need not decide, that notice to him was constitutionally adequate.[2] We know of no principle of law under which notice to Mr. Allen (whether as husband, executor or attorney for the executor) may be construed as notice to Mrs. Allen as to her non-probate property, which was the only subject of the inheritance tax fixed by the order of the court in the probate proceeding.[3]

If constitutionally adequate notice were required by section 14508, but had been mistakenly omitted in this case, we could simply reverse as to Mrs. Allen and let matters rest there. On the other hand, if the statute fails to require notice to Mrs. Allen, an indispensable party to that portion of the proceedings in which inheritance taxes were fixed, then the statutory scheme permitting entry of judgment against her is unconstitutional and we must so declare.

Clearly, section 14508 did not require notice to Mrs. Allen. It requires notice only to those persons chargeable with tax *who have appeared in the probate proceeding.* To appear in an action, one must answer, demur, file a notice of motion to strike or give written notice of appearance (Code Civ. Proc., § 1014), or perform some other act by which he intentionally submits himself to the jurisdiction of the court

---

[2]The notice required by statute, and that given in many if not most counties, is simply that the inheritance tax appraiser has filed his report. (Rev. & Tax. Code, § 14508.) "As the [United States Supreme Court] stated, '[I]t is not what notice, uncalled for by the statute, the taxpayer may have received in a particular case, that is material, but the question is whether any notice is provided for by the statute.' Nor can extra official or casual notice, or a hearing granted as a matter of discretion, be deemed a substantial substitute for the due process that the Constitution requires. . . ." (*People* v. *Broad* (1932) 216 Cal. 1 [12 P.2d 941].) Since " 'the notice must apprise the party whose rights are to be affected, of what is required of him, and the consequences that may follow if he neglect[s] to [object to the report]' " (*Pousson* v. *Superior Court* (1958) 165 Cal.App.2d 750 [332 P.2d 766]), we question whether the statutory notice is constitutionally adequate in content.

[3]We question the validity of the holding in *Lennefelt* v. *Cranston* (1964) 231 Cal. App.2d 171 [41 Cal.Rptr. 598] that an executor is the agent with respect to inheritance tax questions for all those who are taxed on what they take by the will. See also *Estate of Whelan* (1969) 1 Cal.App.3d 517 [81 Cal.Rptr. 753]. But here Mrs. Allen was not taxed on what she took by the will and the cited cases are inapposite.

for the purpose of obtaining a ruling or order which is to his benefit or to the detriment of another and which goes to the merits of the case. (*Brown* v. *Douglas Aircraft Co.* (1958) 166 Cal.App.2d 232 [333 P.2d 59]; *Gulick* v. *Justice's Court* (1929) 101 Cal.App. 619 [281 P. 1031].) While it is true that Mrs. Allen was initially appointed coexecutor, this did not constitute an appearance in the capacity of defendant any more than the appearance by an attorney on behalf of a client constitutes an appearance on his own behalf. Furthermore, Mrs. Allen had been dismissed from the proceeding prior to the filing of the appraiser's report and section 14508 cannot reasonably be read to require notice to one who has once appeared but who is no longer a party. The statutory plan under which the challenged tax was imposed on Mrs. Allen is therefore unconstitutional.[4]

The constitutional difficulty with which we are confronted here arises not from section 14508 alone, but from the combination of the jurisdictional provisions of sections 14501 and 14509 (permitting determination of and imposition of liability for taxes chargeable to all persons who share in the estate) and the notice provisions of section 14508 (requiring actual notice to only a portion of the class taxable under section 14501). However, while we are compelled to declare the statutory plan unconstitutional, we need only excise a portion of section 14508 to enable the plan to pass constitutional muster: ". . . and shall mail a copy of the notice to each person chargeable with any tax in the report ~~who has appeared in the probate proceedings.~~"

In the usual case, the mailing address of the person sought to be taxed will be available to the tax appraiser (or, as the statute now reads, the referee). When the address is not available, the rule of reasonableness recognized in *Mullane* v. *Central Hanover Tr. Co., supra*—i.e., that constructive service is adequate as to persons "whose interests or where-

---

[4]It will also be noted that there is a possible construction of the statutory scheme which would avoid the constitutional difficulty. As already noted, sections 14501 and 14509 of the Revenue and Taxation Code permit the appraiser to appraise and the superior court to impose a tax on the basis of property transferred from a decedent to any person sharing in the estate, even when the property is not in the estate itself. But section 14508, although it speaks in terms of notice, may be interpreted as limiting the power of the court and the appraiser by permitting the imposition of tax only with respect to property passing to persons who have both shared in the estate and have appeared in the probate proceeding, since only they will receive adequate notice and only they will be subject to jurisdiction of the court. But we cannot accept this construction. In the first place, if the Legislature had intended to limit the jurisdiction of the court and the appraiser in the suggested manner, the limitation would more logically be stated in section 14501 rather than in section 14508. Secondly, such construction would render meaningless the statutory scheme for determining and imposing tax as a part of the probate proceeding, since the proportion of transferees who appear in probate proceedings is small.

abouts could not with due diligence be ascertained" (339 U.S. at p. 317 [94 L.Ed. at p. 875])—will provide satisfactory guidance to the inheritance tax referee and to the clerk of the court.

■ Each of the sections under which we have said Mr. Allen may litigate his tax liability (Rev. & Tax. Code, § 14551 or § 14571) requires that no other inheritance tax proceeding be pending in any court in the state. That requirement was clearly satisfied in Mr. Allen's case, as we have seen, and it is met with respect to Mrs. Allen as well. The order purporting to fix Mrs. Allen's tax liability constituted a civil judgment (Rev. & Tax. Code, § 14672) and was subject to the same rules on appeal as any other civil judgment (Rev. & Tax. Code, § 14671). When this action was filed, the inheritance tax portion of the probate proceeding was long concluded and the time for taking an appeal from the order purporting to impose tax liability on Mrs. Allen was long past. There was therefore no proceeding pending in which her tax liability could be determined, and she must be given the same opportunity to amend her complaint as Mr. Allen. The sufficiency shall be determined by the same standards applying to him.

We note finally that the alleged consideration given by the Allens (care for and attention to the decedent) ordinarily would not exempt the transfer from taxation (Rev. & Tax. Code, § 13645), but apparently with respect to a joint tenancy (Rev. & Tax. Code, § 13671) the rule inexplicably is different.

The judgment is reversed and the cause is remanded for further proceedings consistent with the views expressed herein. Each party shall bear his own costs.

Lillie, Acting P. J., and Thompson, J., concurred.

A petition for a rehearing was denied August 11, 1972, and respondent's petition for a hearing by the Supreme Court was denied September 13, 1972.