[Civ. No. 66756. Second Dist., Div. Two. May 16, 1983.]

PAULINE CAMPBELL, Plaintiff and Appellant, v.
KENNETH CORY, as State Controller et al., Defendants and Respondents.

## Counsel

Webb & Webb and James C. Webb for Plaintiff and Appellant.

Myron Siedorf, Margaret Groscup and Alvy P. Moore for Defendants and Respondents.

## Opinion

**ROTH, P. J.**—Albert H. Colefield died in the County of Los Angeles on January 27, 1979, and proceedings were instituted in the superior court sitting in probate for the administration of his estate. Following his demise but prior to the fixing of California inheritance taxes associated with the event, appellant Pauline Campbell, in a separate superior court action, obtained a judgment whereunder, in general, she was held entitled to recover "one-half of the assets" of the decedent's estate after certain deductions.

Thereafter, and in the course of the estate's administration, an inheritance tax was assessed as to appellant in the amount of $1,390.70, attributable solely to the property thus awarded her.

Contending the inheritance tax referee had erroneously determined the liability, appellant filed her objections to his report, but these were overruled by the probate court, which signed an order fixing tax in the sum specified.

Having appealed from that order, appellant then abandoned the appeal on July 14, 1981, and instead on October 21, 1981, filed in the superior court her "Complaint To Determine Tax, To Compel Determination That No Tax Ever Accrued, and To Compel Refund of Monies Extracted By Duress."

The substance of this complaint was that the inheritance tax assessed against appellant could not properly have been levied in the probate court proceedings

and that therefore the order purporting to fix it was void and subject to collateral attack. Authority for the proposition, in appellant's view, was derived from the decision in *Allen* v. *Flournoy* (1972) 26 Cal.App.3d 774 [103 Cal.Rptr. 275].

There, one Albert Allen was a joint tenant of certain bank accounts with Sadie Phelps. When Ms. Phelps died, the inheritance tax report filed in her estate's probate proceedings assessed a tax against Mr. Allen solely as a result of his being a surviving joint tenant. No objection to the report having been filed, an order fixing tax consistent therewith was made and, as here, became final.

Thereafter, as here, Mr. Allen filed his complaint in superior court seeking a declaration that the order was invalid and requesting an opportunity to contest the tax liability. As here, his complaint was dismissed upon the sustaining of a general demurrer founded essentially on the principle of res judicata, and an appeal ensued.

In deciding to reverse, Division One of this court reasoned that:

"As to Mr. Allen in his individual capacity, we conclude the court had no power to fix the tax. The appraiser is empowered by 'the superior court having jurisdiction in probate of the *estate* of any decedent' to determine and report on the value of, and the tax on, property subject to inheritance tax where the transfer is 'from the decedent to any person sharing in the *estate,* whether the property transferred is in the *estate* or not.' (Rev. & Tax. Code, § 14501; italics added. See also Rev. & Tax. Code, § 14506 for similar language.) Although 'estate' is defined as the equivalent of 'property' (Rev. & Tax. Code, § 13303), it is obvious that the word 'estate' is not interchangeable with the word 'property' in the language quoted from the statute and it is equally obvious that the word 'estate' in the statute refers only to the property which is in the probate estate. Thus, if Mr. Allen had shared in the probate estate, which he did not, the tax on the non-probate transfer to him could have been determined in the probate proceeding.

"  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"Either the Controller (Rev. & Tax. Code, § 14531) or Mr. Allen (Rev. & Tax. Code, § 14551) could have petitioned the superior court to ascertain the latter's liability for the tax. This is the appropriate method for resolving the tax liability when the decedent, as here, 'leaves an estate in which the property transferred is not included and the transferee does not share [in the estate].' (Rev. & Tax. Code, § 14652.) In the absence of such a petition, the court in the probate proceeding had jurisdiction to determine the inheritance tax only for a

transfer 'to any person sharing in the estate.' (Rev. & Tax. Code, § 14651.) Mr. Allen could also have brought an action against the state (not the Controller) to 'secure a determination that [the money in the bank accounts] is not subject to any lien for nor chargeable with any [inheritance] tax . . .' (Rev. & Tax. Code, § 14571.) Such an action is properly brought 'in the superior court which has . . . jurisdiction of the administration of the estate of the decedent who transferred the property.' (Rev. & Tax. Code, § 14654.) This provision serves to further emphasize that not all inheritance tax liabilities are determinable in the probate proceedings." (*Id.,* at pp. 779-780.)

Appellant urges reversal is similarly required here, based upon a like rationale. As a framework for our concluding otherwise, we here set out those fundamental considerations leading to the result, as summarized in 1 Witkin, California Procedure (2d ed. 1970) Jurisdiction. "Although a court may have jurisdiction in the fundamental sense of jurisdiction of the subject matter and the parties, it does not have unlimited power to act in the cause. Under the modern definition of 'jurisdiction' (see supra, § 1), the court with such fundamental jurisdiction may nevertheless be without authority or power (jurisdiction) to take certain steps or grant certain kinds of relief. Or it may be required to act in a particular manner, and be without authority or power (jurisdiction) to act in any other manner. The unauthorized acts may be said to be *acts in excess of jurisdiction* by a court having *jurisdiction of the cause and parties,* the term 'jurisdiction' being used here in two distinct senses.

"·  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"A court with fundamental jurisdiction (see *supra,* § 1) may render a judgment determining the issues involved in the case and granting or denying relief. Since it has power to hear and determine the cause the court may rule erroneously on matters of pleading, evidence or other procedure; may determine the issues of substantive law incorrectly; and may give judgment for a party not entitled thereto, or may grant relief not warranted by the pleadings, evidence or the law. Any or all of these *errors* of procedure or substantive law may normally be reviewed by the established methods (chiefly motion for new trial, motion to vacate judgment, and appeal). But they are *errors within jurisdiction,* and not grounds for *collateral attack* on the judgment, nor for direct attack by the jurisdictional writs of certiorari or prohibition." (*Id.,* at §§ 179-180.) (Italics in original.) (See also 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 187.)

■ Based upon the distinction so articulated, it seems clear that on the facts before us any jurisdictional shortcoming present relates at most to an act in excess of jurisdiction, in that it is maintained the particular tax was incorrectly fixed in an improper forum owing to the posture of appellant vis-à-vis the

"transfer," rather than to an instance where the probate court was not at all competent to hear or determine a matter involving the fixing of inheritance tax, that is to say, an instance where it lacked subject matter jurisdiction. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, §§ 9, 36.)

Such being the case, there is removed from the case at bench any application of the general principle that "The very nature of subject matter jurisdiction . . . indicates that it cannot be conferred by consent, waiver or estoppel." (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 10), and we are left with the proposition that:

"When as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action in excess of jurisdiction. . . . Whether he shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when 'To hold otherwise would permit the parties to trifle with the courts.' " (*In re Griffin* (1967) 67 Cal.2d 343, 347-348 [62 Cal.Rptr. 1, 431 P.2d 625]. See also *Safer* v. *Superior Court* (1975) 15 Cal.3d 230, 242 [124 Cal.Rptr. 174, 540 P.2d 14]; *Yoakum* v. *Small Claims Court* (1975) 53 Cal.App.3d 398, 401-402 [125 Cal.Rptr. 882]; 1 Witkin Cal. Procedure (2d ed. 1970) Jurisdiction, §§ 223-229; 16 Cal.Jur.3d, Courts, § 74.)

Appellant, having presented her formal objections to the inheritance tax referee's report and having voluntarily chosen to abandon her appeal from the order fixing tax following hearing thereon, cannot now be heard to complain the question and her claims respecting it ought to have been raised in the superior court rather than the superior court sitting in probate.

The order appealed from is affirmed.

Compton, J., and Beach, J., concurred.

A petition for a rehearing was denied June 7, 1983.