DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[L. A. No. 556. Department One.—March 9, 1899.]

W. E. LAHMAN et al., Appellants, v. ED. J. HATCH, Collector of Escondido Irrigation District, Respondent.

IRRIGATION DISTRICT—ASSESSMENT OF IMPROVEMENTS—DESCRIPTION.—An assessment of improvements on the lands embraced within an irrigation district need not describe the improvements, but they are sufficiently described in the descr'ption of the land; and all that is necessary is that the valuation of the improvements shall be placed under the appropriate head, in correct figures, with proper dollar and cent marks.

ID.—CUSTODY OF ASSESSMENT BOOK—IMMATERIAL CORRECTION OF ASSESSMENT.—The action of the assessor in taking away the assessment book while in the custody of the board of equalization, from 5 o'clock Saturday afternoon until Monday morning, and assuming to amend the assessment so as to add an unnecessary description of improvements, is immaterial, and cannot affect the substantial rights of the persons assessed, or vitiate the assessment.

ID.—JURISDICTION OF BOARD OF EQUALIZATION—ACTION TO RESTRAIN TAX SALE—DEFECTIVE COMPLAINT.—It is immaterial whether the board of equalization of an irrigation district did or did not have jurisdiction to raise or lower assessments, for the purpose of sustaining an action to restrain a sale of lands embraced within the district, for taxes levied thereupon, if the complaint does not show that the assessments of the plaintiffs' lands were altered, or that the general assessed value of lands in the district was lowered, to the injury of plaintiffs, and does not show error in the original assessment, which remained binding, upon the supposition that the action of the board was void for want of jurisdiction.

ID.—NOTICE OF LEVY OF ASSESSMENT—VALIDITY OF IRRIGATION ACT.—As the irrigation act provides for notice to the taxpayer of the meeting of the board of equalization, the duration of which is fixed by law, and of all the preliminary steps which he can examine and make objection to, it is no objection to the validity of the act that it does not provide for notice to be given of the levy of the assessment, which is the final act, and the outcome of the rest, which he might know with small diligence, and in reference to which he can have nothing to say.

APPEAL from a judgment of the Superior Court of San Diego County. J. W. Hughes, Judge.

The facts are stated in the opinion.

F. P. Willard, for Appellant.

George H. Maxwell, and R. M. F. Soto, *Amici Curiae,* also for Appellant.

Wadham & Stearns, for Respondent.

PRINGLE, C.—Appeal from judgment entered after demurrer to complaint sustained. Action brought to restrain the respondent, as tax collector of the Escondido Irrigation District, from selling lands of the appellants for taxes imposed by the directors of the district under the act entitled, "An act to provide for the organization and government of irrigation districts, and to provide for the acquisition or construction thereby of works for the irrigation of lands embraced within such districts, and also to provide for the distribution of water for irrigation purposes." Approved March 31, 1897 (page 254).

The grounds of demurrer to the complaint are: 1. That complaint does not state facts sufficient to constitute a cause of action; 2. That the action is barred by the limitation established by the act in question. In answer to the point that the complaint does not state facts sufficient to constitute a cause of action, the appellants claim that the taxes, the collection of which they seek to restrain, are illegal for two reasons—for conduct of the assessor, and for conduct of the board of equalization.

1. For conduct of the assessor: Section 37 provides that on or before the first Monday in August of each year the assessor must complete his assessment-book and deliver it to the secre-

tary of the board, who must immediately give notice thereof
and of the time the board of directors, acting as a board of
equalization, will meet to equalize assessments. . . . . The time
fixed for the meeting shall not be less than twenty nor more than
thirty days from the first publication of the notice; "and in the
mean time the assessment-book must remain in the office of the
secretary for the inspection of all persons interested." The
complaint charges that the assessor prepared his assessment-
book, and "on the fourth day of August, 1897, said assessor de-
livered said assessment-book to the secretary of the said irriga-
tion district; that said assessor did not, prior to said fourth day
of August, 1897, list any improvements on said book, or in the
columns of said book headed improvements on land in the
Rancho Rincon del Diablo (that being the land in said district
other than city or town lots) as being or situated on any of the
land assessed. That there was at said time improvements on
said lands in said district, and on the lands listed on said book,
and on the lands of these plaintiffs; that the value of all said
improvements exceeded the sum of one hundred thousand dol-
lars; that on or about the eleventh day of September, 1897, at
about the hour of 5 o'clock P. M., said assessor, without having
first been authorized so to do by any action of the board of di-
rectors of said district, sitting as a board of equalization, or as
said board of directors, took and removed said assessment-book
from the custody of the secretary of said board and of said dis-
trict, and retained the same until Monday morning of September
13, 1897, when said book was returned to the custody of said
secretary; that said book, when so returned, had entered and
listed thereon, and in the columns headed, "Improvements on
the land in the Rancho Rincon del Diablo," and in the column
headed, "Improvements on city or town lots," the improvements
that were situated and located on said lands and on said city and
town lots; that prior to said eleventh day of September, and at
the time said book was taken from the custody of said secretary,
as aforesaid, there was nothing written on said assessment-book
or in said columns to represent improvements, except figures,
which corresponded in quantity and number to the figures en-
tered on said book in the columns headed 'Value of improve-
ments on lands in the Rancho del Diablo' (which column was

properly marked $ and c), and in the column headed 'Improvements on city or town lots,' said figures having nothing annexed to them for the purpose of explaining their meaning; . . . . that said assessor did not . . . . assess or list in an assessment-book, or in any other manner, any of the improvements situated upon the lands in said irrigation district; that at all of said times there were a great many buildings, consisting of dwelling-houses, barns, outbuildings, store, and business houses, in said district and situated upon the lands of said district."

As far as we can gather from this imperfect statement, it appears that when the book was first delivered to the assessor it contained columns "headed 'Improvements on land,' " in which there were figures "which corresponded in quantity and value to the figures entered in said book in the columns headed 'Value of improvements on land.' " The vice charged is that "the figures had nothing annexed to them for the purpose of explaining their meaning." But these figures corresponded in quantity and number with the figures in the column headed "Value of improvements," and as this latter column had proper dollar and cent marks, the book was made clear and intelligible. No description of the improvements is necessary in the assessment-book. All that is necessary is a general designation of improvements, with the value at which they are assessed. (*People v. Rains,* 23 Cal. 127.) In the form prescribed for an assessment-book by section 3651 of the Political Code, there is no description of improvements. It would be a highly inconvenient provision if the validity of an assessment of improvements were made to depend upon a correct description of every dwelling-house, barn, or out-house. The description of the real property sufficiently identifies the improvements. Thus, it appears in this book with sufficient clearness that the assessor has assessed the improvements. He had done his duty in that respect. That was the essential thing. The figures were correct. All that he is said to have done afterward was to have "listed and entered in the columns headed 'Improvements on land in the Rancho Rincon del Diablo,' and in the column headed 'Improvements on city and town lots' the improvements that were situated and located on said lands, and on said city or town lots." If this means that he added descriptions of the improvements, that was unnecessary

and immaterial. Certainly nothing new that was material was added. For the correct valuations were there, and nothing was added to alter them. If this is a correct interpretation of the complaint, it does not show anything which injuriously affects the substantial rights of the appellants. The assessor made his corrections two days before the board of equalization lost control of the book, and the parties interested might have seen and examined it. Section 71 of the act provides: "The court hearing any of the contests herein provided for, in inquiring into the regularity, legality, or correctness of such proceedings, must disregard any error, irregularity, or omission which does not affect the substantial rights of the parties to said action or proceeding."

If the above is not a correct interpretation of the complaint, it does not state with sufficient clearness any cause of action to entitle the appellants to relief.

Of the same character is the irregularity in taking away and detaining the assessment-book from 5 o'clock on Saturday afternoon until Monday morning. Sunday is, by another provision of the act, recognized as a *dies non* in proceedings of the board of equalization. The book may be presumed to have been returned before office hours of Monday morning; or the undescribed fragment of Monday morning during which it was unreturned comes within the rule of *de minimus* not substantially affecting the rights of the parties.

The conduct of the board of equalization: Section 37 of the act requires the assessor to deliver his assessment-book to the secretary on or before the first Monday in August, and the secretary immediately to give notice thereof, and of the time the board will meet to equalize the assessments. The time fixed for the meeting shall not be less than twenty nor more than thirty days from the first publication of the notice. Section 38 provides that the board "shall meet and continue in session from time to time as long as may be necessary, not to exceed ten days, exclusive of Sundays, to hear and determine such objections," et cetera. The complaint shows that the meeting of the board was fixed for the fourth day of September, 1897; that the board met on the 4th of September and continued in session from day to day, Sundays and legal holidays excepted, up to and including the sixteenth day of September, and on the sixteenth

day of September "altered and changed, by either raising or reducing the same, a great many of the assessments on assessment-book."

The respondent contends that the 9th of September, being a legal holiday, was, like the two Sundays, properly excluded from the counts. But conceding to the appellants that the board lost jurisdiction after the 15th, and that its action on the 16th was void, there is a fatal objection to the complaint. It does not show how the appellants were injuriously affected by the action or by the omission of the board. For, whether the action of the board be valid or invalid, the result is the same with the averments of the complaint. Assuming that the action of the board was regular and valid, the complaint is defective. The averment is simply that the board "altered and changed, by either raising or reducing the same, a great many of the assessments." It does not appear that the assessments of appellants' lands were altered. Nor does it appear that by the "raising or reducing" the general assessed value was lowered, thereby causing an increased tax levy to operate to the injury of the appellants. If the valuation of the lands or improvements of appellants were not raised, but the total valuation raised, which is quite consistent with the allegations of the complaint, the result would be a lesser tax upon the appellants.

If, on the other hand, the action of the board was void for want of jurisdiction, the original assessment remained; and there is no error shown in that assessment. The appellant cites the case of *State v. Central Pac. R. R. Co.*, 21 Nev. 270, to the effect that the reduction of the assessment of the lands of the road from fourteen thousand dollars per mile to twelve thousand dollars per mile was void, because made by the board of equalization after the expiration of the allotted time. The result was, that the original assessment remained and the state recovered the tax. The failure of the board to act did not defeat the assessment. Under this decision the result to the appellants is that the assessment stands, and is unattacked. It does not appear that the appellants attempted to call into action the seasonable action of the board upon their assessments—a proper course suggested by the Nevada court—to the taxpayer before he complains of the board. In no aspect of the complaint does it state a cause of action.

Another objection made by the appellants is, that there is nothing in the act providing for notice to be given of the time when the assessment will be levied. But proper notice is given of the meeting of the board of equalization (sec. 37), and within ten days after the close of the session, whose duration is fixed by the law, the secretary is required to have the whole work of the session extended into columns and added (sec. 38). "The board of directors shall then levy an assessment," et cetera, (sec. 39). As the taxpayer has had notice of all the preliminary steps which he could examine and make objection to, there is no controlling reason why he should have notice of the levy, the final act which is the outcome of the rest, and in reference to which he can have nothing to say. He has, besides, complete notice of the time before which the levy cannot be made, and it would need but small diligence in him to know the rest.

It becomes unnecessary to pass upon the defense of the limitation prescribed by section 72 of the act.

I advise that the judgment be affirmed.

Britt, C.; and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Van Dyke, J., Garoutte, J., Harrison, J.