[Civ. No. 26973. Second Dist., Div. One. June 20, 1963.]

THE CITY OF LOS ANGELES, Plaintiff and Respondent, v. CALIFORNIA TOWEL & LINEN SUPPLY COMPANY et al., Defendants and Appellants.

Greenbaum, Baker & Ancel and Mark G. Ancel for Defendants and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones and James A. Doherty, Assistant City Attorneys, and Robert C. Summers, Deputy City Attorney, for Plaintiff and Respondent.

FOURT, J.—This is an appeal by defendants from a judgment on the pleadings rendered against them upon the grounds that their second amended verified answer does not state facts sufficient to constitute a defense to the complaint.

The complaint set forth among other things that the action was brought pursuant to the provision of the Los Angeles Municipal Code (hereinafter referred to as the "code") relating to the imposition and collection of municipal license taxes. The provisions of section 21.102 of the code with reference to laundry operators were alleged.[1] And further,

---

[1] " (a) *Laundry Operator.* Any person engaged in the business of washing or ironing any garment, wearing apparel, clothing, linen, fabric or other material or article of personal property.

" . . . . . . . . . .

" (c) *Linen Supply Business.* The business of furnishing or letting the use of any towels, linens, aprons, bedding, napkins, table covers or any other article of personal property of a similar nature for a fee or charge.

" . . . . . . . . . .

" (f) License fees required to be paid by persons in the above-defined businesses are as follows:

1. For every laundry operator or person engaged in the linen supply business, or person engaged in the cleaning and dyeing business, as defined herein, the sum of Seven and 50/100ths ($7.50) Dollars per year, or fractional part thereof, for the first Fifteen Thousand Dollars ($15,-000.00), or less, of annual gross receipts, plus Fifty Cents ($.50) for

that during the years in question, namely 1956 to 1960, inclusive, the defendants were doing the kinds of business described in section 21.102 of the code, but that no part of the sums due, namely $562.03 (including interest and penalties) had been paid. It was also set forth that on November 16, 1960, the clerk of the city levied an assessment[2] for the unpaid business taxes against the defendants under the authority of section[3] 21.16 of the code. A hearing on the assessment was

each additional thousand dollars of annual gross receipts, or fractional part thereof; and, in addition to all of the foregoing, the sum of Three Dollars ($3.00) per year, or fractional part thereof for each vehicle used in such business.''

[2] ''November 16, 1960

Certified Mail
Return Receipt
Requested . . .

J. E./F. J./H. S. Wilkinson
dba California Towel & Linen Supply Co.
710 West 58th Street
Los Angeles 37, California
Gentlemen:

Pursuant to the provisions of Section 21.16 of the Los Angeles Municipal Code, we hereby levy an assessment of $550.65 as follows:

| Business Tax | Period | Amount Due Principal | Interest | Penalty | Total |
|---|---|---|---|---|---|
| | | | (to 11-30-60) | | |
| Section 21.102 | 1957-58-59-60 | $455.00 | $50.15 | $45.50 | $550.65 |

We are enclosing for your guidance a copy of Section 21.16 L.A.M.C. It should be noted that the total amount of this assessment will become final unless a written application for hearing is sent within 15 days of the date of this letter.

Very truly yours,
WALTER C. PETERSON, *City Clerk*
By
Aaron L. Davis
Chief Accountant
Tax and Permit Division

ALD/hg
Enclosure 1
cc: Roger Arnebergh, City Attorney
Dan O. Hoye, Controller''

[3] ''Section 21.16

(a) Under any of the following circumstances, the City Clerk may make and give notice of an assessment of the amount of tax owed by a person:

1. If the person has not filed any statement or return required under the provisions of this Article or Article 1.5;

2. If the person has not paid any tax due under the provisions of this Article or Article 1.5;

3. If the person has not, after demand by the City Clerk, filed a corrected statement or return, or furnished to the City Clerk adequate

requested by the defendants and the same was held on March 29, 1961, and on April 7, 1961, the Board of Review made its

substantiation of the information contained in a statement or return already filed, or paid any additional amount of tax due under the provisions of this Article or Article 1.5;

The notice of assessment shall separately set forth the amount of any tax known by the City Clerk to be due or estimated by the City Clerk, after full consideration of all information within his knowledge concerning the business and activities of the person assessed, to be due under each applicable section of this Article and of Article 1.5, and shall include the amount of any penalties or interest accrued on each amount to the date of the notice of assessment.

(b) The notice of assessment shall be served upon the person either by handing it to him personally, or by a deposit of the notice in the United States Post Office at Los Angeles, postage prepaid thereon, addressed to the person at the address of the location of the business appearing on the face of the registration certificate issued to him or to such other address as he shall register with the City Clerk for the purpose of receiving notices provided under this Article or Article 1.5; or, should the person have no registration certificate issued to him and should he have no address registered with the City Clerk for such purpose, then to such person's last known address. For the purposes of this section, a service by mail is complete at the time of deposit in the United States Post Office. If the notice of assessment is personally served, a written acknowledgement of the service shall be obtained, or the person accomplishing the service shall certify to the fact of such service and the date and location of its accomplishment before a Deputy City Clerk or other official authorized to administer oaths. Within 15 days after the date of service the person may apply in writing to the City Clerk for a hearing on the assessment. Within 30 days of the receipt of any such application the City Clerk shall cause the matter to be set for hearing before a Board of Review not later than 90 days after the date of the application unless a later date is agreed to by the City Clerk and the person requesting the hearing. If no application for hearing is made within the prescribed time, the amount of the assessment shall be final and shall be immediately due and owing to the City of Los Angeles; provided, however, the interest and penalties shall continue to accrue as provided in Sec. 21.05, Sec. 21.199 and Sec. 21.5.16 of this Code and the amount of the assessment shall increase by the addition of such interest and penalties until paid.

(c) The Board of Review shall be composed of the Controller, the City Clerk and the City Attorney, or the duly appointed representative of each. It shall consider all evidence offered by the person requesting a hearing and by the City Clerk. It may continue the hearing from time to time. It shall make its findings in writing and serve a copy upon the person in the manner provided in subsection (b) hereof for service of the notice of assessment. The Board of Review may increase or decrease the amount of the assessment as the evidence introduced may require; but the amount of the assessment shall not be increased unless the claim for the increase is asserted on behalf of the City either before or during the hearing. If a claim for an increased assessment is asserted in the manner provided, the person shall have the right to request a continuance of not less than seven days. The person may, within 15 days from the date of service of the findings upon him, file written exceptions to the findings of the Board of Review. If no exceptions are filed within the prescribed time, the findings shall thereupon become final and any amount found by the Board of Review to be payable shall be immediately due and owing to the City of Los Angeles; provided, however, that interest and penalties

findings,[4] that no exceptions to the findings were filed by the defendants pursuant to the code or otherwise.

shall continue to accrue as provided in Sections 21.05, 21.199 and 21.5.16 of this Code, and the amount of the assessment shall increase by the addition of such interest and penalties until paid. Within 30 days after the filing of any exceptions as provided, the Board of Review shall consider them and either deny the exceptions in writing or prepare such additional or modified written findings as the nature and merit of the exceptions require, and serve a copy thereof upon the person in the manner prescribed in subsection (b) of this section. Upon the serving of denial of exceptions or the final findings, as the case may be, any amount found by the Board of Review to be payable shall be immediately due and owing to the City of Los Angeles; provided, however, that interest and penalties shall continue to accrue in accordance with the provisions of Secs. 21.05, 21.199 and 21.5.16 of this Code and the amount of the assessment shall increase by the addition of such interest and penalties until paid.

(d) Failure of the City Clerk to set any hearing within the time prescribed in this section, and failure of the Board of Review to complete any procedure prescribed in this section within the period stated shall not affect the validity of any proceedings taken hereunder.''

[4] ''FINDINGS
OF
BOARD OF REVIEW
RE

J. E./F. J./H. S. Wilkinson
dba California Towel/Linen Supply Co.
Assessment Pursuant to
Section 21.16 L.A.M.C.

A notice of assessment was served pursuant to the provisions of Section 21.16, L.A.M.C., on J. E./F. J./H. S. Wilkinson, dba California Towel/Linen Supply Co., on November 16, 1960. The amounts and classification involved in this assessment were as follows:

| Business Tax | Tax Period | Principal | Amount Due Interest (to 11/30/60) | Penalty | Total |
|---|---|---|---|---|---|
| Sec. 21.102 | 1957-58-59-60 | $455.00 | $50.15 | $45.50 | $550.65 |

The hearing was held on March 29, 1961, at 2:30 p.m., in Room 416, City Hall, Los Angeles.

The taxpayer did not appear.

The Board of Review was comprised of:

Deputy City Attorney Robert C. Summers, representing the City Attorney

Chief Auditor Robert M. Zeitlin, representing the Controller

Principal Accountant Thornton R. Thornhill, representing the City Clerk

Mr. Thornhill announced that a Special Delivery letter dated March 28, 1961, concerning the assessee, had been received from the Los Angeles Bureau of Municipal Research signed by Mr. Philip E. Watson, Executive Vice President.

The letter stated that no personal appearance would be made and that the assessee was willing to rely on a memorandum previously submitted to the City Clerk.

The defendants first demurred to the complaint and upon being overruled, filed an unverified answer. A motion to strike the answer was granted. A verified first amended answer was filed and ultimately a verified second amended answer (sometimes hereinafter referred to as the "answer") was filed.

The appellants specifically allege in their answer that they did engage within the city in the linen supply business (subject to the tax) but assert that a portion of the gross receipts

---

The files of the City Clerk disclose that a memorandum dated May 17, 1960, was submitted during an informal hearing held with the City Attorney on May 18, 1960. This memorandum is made a part of these findings and is incorporated in its entirety herein by reference.

The assessee is engaged in operating a laundry plant at 710 West 58th Street, City of Los Angeles. Pick ups and deliveries of laundry are made by a related entity, Western Linen Supply Co. /c/ to customers located both within and without the City of Los Angeles.

The assessee's tax counsel contends that laundry services performed in the Los Angeles plant for customers outside the City of Los Angeles are not subject to the measure of the tax under Section 21.102 of the Los Angeles Municipal Code.

Following the submission of the memorandum of May 17, 1960, Assistant City Attorney, James A. Doherty, advised the City Clerk that he had studied this same memorandum and found no element of fact or contention of law that would change the basis for the measure of the tax as established by the City Clerk.

*Findings of the Board of Review*

The Board of Review finds as follows:

1. That the assessment was properly levied.
2. That the amount of the assessment levied on November 16, 1960, is finally stated as follows, subject to the accrual of additional interest, penalties, or both, until date of payment.

| Business Tax | Tax Period | Principal | Interest (to 4/30/61) | Penalty | Total |
|---|---|---|---|---|---|
| Sec. 21.102 | 1957-58-59-60 | $455.00 | $61.53 | $45.50 | $562.03 |

3. That the foregoing amount of $562.03, is immediately due and payable to the City of Los Angeles.

ROGER ARNEBERGH, CITY ATTORNEY   WALTER C. PETERSON, CITY CLERK

By_____/s/_____        By_____/s/_____

Robert C. Summers        Thornton R. Thornhill
Deputy City Attorney     Principal Accountant
                         Tax and Permit Division

DAN O. HOYE, CONTROLLER

By____/s/____R. M. Zeitlin____

Deputy

TRT:cjs
4/7/61
cc: Roger Arnebergh, City Attorney
    Dan O. Hoye, Controller.''

of their business came from outside of the city and therefore deny that they owe the city for business taxes. By way of affirmative defenses the defendants allege that the city is attempting to levy taxes upon letting of the use of the linens to persons located outside the city and that such a course is unconstitutional; that the city is estopped to claim that the defendants are engaged in business as a laundry operator because some assistant city attorney in a letter to the city clerk with reference to a different entity had recited that they were a linen supply house, and further that they were not required to exhaust their administrative remedies because the board had prejudged their case and they could have paid the tax and sued for a refund.

A motion for judgment on the pleadings was made by plaintiff and the court granted the same. This appeal followed.

On such an appeal this court will limit the scope of its inquiry to the issue of whether the answer does state a defense to the complaint. As a consequence various declarations of appellants not set forth in the answer will not be considered. See *Anglo California Trust Co.* v. *Kelley,* 117 Cal.App. 692, 693 [4 P.2d 604]; *Dias* v. *California Employment Stabilization Com.,* 113 Cal.App.2d 374, 376 [248 P.2d 427]; California Civil Procedure Before Trial (Cont. Ed. Bar) page 834.

At the outset of considering the issues here involved it is to be particularly noted that this is not an action for a tax refund and as a consequence it would seem that the language used in the tax refund statutes generally to the effect that a taxpayer does not need to exhaust his administrative remedies will not apply in this particular case.

It should also be noted that section 21.102 of the code provides for the taxing of the business of washing or ironing linen, etc., and of the business of furnishing or letting the use of linens, etc. Both operations pay the same tax. The defendants affirmatively allege that they did engage in business within the city. It is uncontroverted that the appellants' laundry plant is located within the city and the record discloses in a document made a part of the findings of the board (which was admitted by appellants) that "The companies concede, at the outset, that the city has jurisdiction to tax, by reason of the business domiciles being within the city, regular solicitation and sales conducted within the city and laundry facilities located within the city."

It is of necessity admitted by the defendants in this case that they deliberately did not exhaust their administrative remedies to secure any correction of the assessment made.

The code provides as heretofore set forth an administrative review procedure for persons in the category of defendants. The board of review is composed of a representative of the controller, the city clerk and the city attorney and it is charged with considering all of the evidence and increasing or decreasing the assessment as the evidence may dictate. Written findings must be made and the assessee may file exceptions to the findings. If exceptions are filed the board of review must consider them within 30 days and either deny the exceptions in writing or prepare other written findings as the merit of the exceptions may require.

In this case the appellants, according to the admitted pleadings, requested a hearing before the board of review but did not appear at such hearing, and when the board made its findings did not file exceptions to such findings.

In *People* v. *West Publishing Co.*, 35 Cal.2d 80 [216 P.2d 441], the appellants there made a contention similar in nature to the one advanced by appellants here and the court said, at page 88:

"[The taxpayer] cannot complain of alleged errors in the computation of tax liability, when it refused to avail itself of its administrative remedies to prevent or correct such errors."

In other words the appellants here not only failed to exhaust administrative remedies available to them but they knowingly neglected to make more than an insignificant use of the orderly procedure provided for securing a correct tax assessment. In stating the rule the court in *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715], said:

"This is the doctrine of 'exhaustion of administrative remedies.' In brief, the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act. The authorities to this effect are so numerous that only the more important ones need be cited here as illustrations."

After the above quote in the *Abelleira* case, there follows the citation of fifteen or so cases plus many law review articles

and the statement that "[t]he California cases have consistently applied this settled rule." The court went on further to say, at page 293:

' 'Thuerle itself is settled with scarcely any conflict. It is not a matter of judicial discretion, but is a fundamental rule of procedure laid down by courts of last resort followed under the doctrine of *stare decisis,* and binding upon all courts. We are here asked to sanction its violation, either on the ground that a valid exception to the rule is applicable, or that despite the uniformity with which the rule has been applied, it may be disregarded by lower tribunals without fear of prevention by the higher courts. This last point cannot be too strongly emphasized, for the rule will disappear unless this court is prepared to enforce it. To review such action of a lower court only on appeal or petition for hearing would permit interference with the administrative proceeding pending the appeal or hearing, with the effect of completely destroying the effectiveness of the administrative body. The writ of prohibition can alone operate surely and swiftly enough to prevent this unfortunate result; and only if we recognize that the rule is jurisdictional will it be uniformly enforced. Bearing in mind the analysis of jurisdiction which has heretofore been made, and examining the authorities dealing with the rule, we are necessarily led to the conclusion that exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts.' '

In *People* v. *Sonleitner,* 185 Cal.App.2d 350, 361 [8 Cal. Rptr. 528], the court reviewed the rule and held in effect that where a defendant attempted to defend an action for collection of taxes upon the ground that his activities did not bring him within the purview of the tax law under which the assessment was made the rule of exhaustion of administrative remedies applied.

The respondent admits that a taxpayer may pay a city business tax and sue for a refund and since no administrative procedure is set up for such a tax refund the taxpayer may sue and collect the amount paid if his claim is denied. ■ However, if the taxpayer does not pay the tax alleged to be due and is assessed for nonpayment he must exhaust the administrative remedies provided by the code to secure any correction of the assessment before a court will permit him to defend an action for collection of the tax. He must do one thing or the other. ■ In other words, there are two

procedures—the appellants here elected not to pay and to seek administrative assistance—this they did in part and then knowingly failed to appear in person or to have a representative appear at the hearing and failed to file any exceptions within the time allowed or otherwise to proceed. Appellants allege in effect as an excuse for not appearing that they did not appear because they thought that nothing useful or favorable would result to them by such appearance. Appellants should have made their appearance at the board and presented all of their evidence with reference to the tax liability in question to the end that there would have been an orderly review and adjustment. Had the appellants done this the board would then have had the opportunity to rectify any determination it had made which might have been incorrect and to consider a revision of the assessment. See *People* v. *West Publishing Co.*, 35 Cal.2d 80 [216 P.2d 441].

No evidence was presented to the board by appellants as to which, if any, factors of their business take place outside of the city. It is not the function of the board, upon its own motion, to carry the burden of providing and securing the evidence favorable to appellants in such matters if there is any such evidence available. It is true that the appellants did indicate that they would rely upon a memorandum which was dated May 17, 1960, and which had been used previously in a preliminary informal discussion between some city officials and some of the defendants. Nowhere in the memorandum however do the appellants set forth any facts as to what portion of their activities (if any) take place outside of the city.

Appellants also assert that the city is estopped to proceed with an action to collect the delinquent tax. They state that no useful purpose would have been served by their appearing before the board because, among other things, the board had prejudged the matter. Furthermore, it is said in effect that the board had made a previous determination contrary to that set forth in the board's findings, and the board should therefore now be estopped.

Appellants seem to be saying that a letter written by an assistant city attorney to the clerk with reference to a different entity binds the board in this particular case. There is of course no merit to such a contention. The assistant city attorney in any event was not a member of the board. What

was stated in *Abelleira* v. *District Court of Appeal, supra,* 17 Cal.2d 280, 300-301, is pertinent:

"One final argument of the [taxpayers] to justify disregard of the administrative remedy may be noticed. They assert that the commission has already decided cases on similar facts against their present position, and therefore that an appeal in the instant case would be fruitless. This is, indeed, the slender thread upon which their entire case hangs. But again their position is unsound in principle and unsupported by the better authorities, for it was early perceived that to countenance this view would break down the rule of exhaustion of remedies. In substance the contention is that if they learn upon hearsay or by analogy that the administrative board may take a certain action, the board may be ignored and its action treated as already taken. We should all be very much surprised, no doubt, to find such an assertion made in the judicial field. One might attempt, for example to bring an original suit in the Supreme Court on the theory that the local superior judge was possessed of a particular opinion opposed to the views of the plaintiff, but he would receive scant consideration. The whole argument rests upon an illogical and impractical basis, since it permits the party applying to the court to assert without any conclusive proof, and without any possibility of successful challenge, the outcome of an appeal which the administrative body has not even been permitted to decide. This argument, though successful in a few cases, has been rejected by the weight of authority. In *Gilchrist* v. *Interborough Rapid Transit Co.,* 279 U.S. 159, 209 [49 Sup.Ct. 282, 73 L.Ed. 652], the court said that orderly action could not be defeated 'by alleging an intent to deny the relief sought.' And in *Red River Broadcasting Co.* v. *Federal Communications Com., supra,* [98 F.2d 282 (69 App. D.C. 1)] the opinion states: 'Appellant seeks further to excuse its failure, affirmatively to seek administrative relief, by contending that, even if it had attempted to do so, its request would have been denied; consequently, that its attempt would have been a futile and useless gesture. We cannot assume that consequence. If under such circumstances relief had been sought and denied, then there would have been basis for appeal. . . . It cannot be heard to complain in this court that there was danger of refusal when it made no effort to do so.' (See, also, *United States Nav. Co.* v. *Cunard S. S. Co.,* 284 U.S. 474, 488 [52 Sup.Ct. 247, 76 L.Ed. 408]; *United States* v.

*Felt & Tarrant Mfg. Co.*, 283 U.S. 269, 272 [51 Sup.Ct. 376, 75 L.Ed. 1025].) ''

We hold that the specific admissions and allegations of the answer nullify any general allegations of the answer by which appellants attempt to state a defense to the complaint. Under the circumstances the judgment is to be affirmed. See *Carlson* v. *Lindauer*, 119 Cal.App.2d 292, 301-302 [259 P.2d 925]; California Civil Procedure Before Trial, Continuing Education of Bar, page 836.

The respondent argues further that in any event and under the circumstances the facts as pleaded by appellants are such that, as a matter of law, the respondent is entitled to recover the delinquent taxes in question. It cites *City of Los Angeles* v. *Belridge Oil Co.*, 48 Cal.2d 320 [309 P.2d 417]; *Barker Bros., Inc.* v. *City of Los Angeles*, 10 Cal.2d 603 [76 P.2d 97]; *General Motors Corp.* v. *State* (1961) 60 Wn.2d 862 [376 P.2d 843]. However, it is not necessary under the situation presented in this case for this court to make any determination other than as heretofore indicated.

Judgment affirmed.

Wood, P. J., and Lillie, J., concurred.